# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10352
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfred John McDonald,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-242-1

———————————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Alfred John McDonald pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. The presentence report (PSR) assigned a base offense level of 30 based on 1,139.9 kilograms of marijuana. Among other adjustments, the PSR added two levels under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon. McDonald was assigned

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10352

14 criminal history points resulting in a criminal history category VI. Twelve of those points were from four aggravated robberies committed in 1995. This combination resulted in a recommended guidelines range of 360 to 480 months in prison. McDonald filed objections to the drug quantity finding, the dangerous-weapon enhancement, and his criminal history score. The district court overruled all the objections. The district court granted McDonald a downward variance and sentenced him to 150 months in prison and four years of supervised release.

McDonald challenges district court's factual finding on drug quantity based on drug ledgers and other documents. We review the district court's drug-quantity finding for clear error when, as here, a defendant objects to the finding in the district court and will affirm the quantity finding if it is plausible in the light of the entire record. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The evidence supports the plausibility of the district court's interpretation of the ledgers and documents, and McDonald has not shown otherwise. *See United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019); *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019).

Next, McDonald argues that the district court erred by assigning 12 of the 14 criminal history points because the 1995 offenses were too far in the past to qualify for criminal history points under U.S.S.G. § 4A1.2(e)(1). McDonald challenges the finding that the relevant conduct for the current offense began in 2017. Relevant conduct is a factual question subject to clear error review. *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009). Contrary to McDonald's assertion, the relevant conduct finding was not based on unsupported statements in the PSR and was plausible in the light of the record as a whole. *See Kearby*, 943 F.3d at 974 n.3; *Betancourt*, 422 F.3d at 246.

No. 22-10352

Finally, McDonald argues that the district court erred in applying a two-level enhancement for possession of a dangerous weapon under § 2D1.1(b)(1). The district court's application of § 2D1.1(b)(1) is a factual finding reviewed for clear error. *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014). The enhancement "reflects the increased danger of violence when drug traffickers possess weapons," and it should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *See* § 2D1.1, comment. (n.11(A)). Contrary to McDonald's argument, the district court in this case stated without ambiguity that it was applying the enhancement because the evidence established that the firearm was in the same location as the drugs and drug paraphernalia and could be used to protect the drug trafficking. *See King*, 773 F.3d at 53. Accordingly, it is not clearly improbable that the weapon was connected to the offense. *See id*. The district court's application of § 2D1.1(b)(1) was not clearly erroneous.

AFFIRMED.